1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9    AARON P. STONE,

10              Petitioner,                    No. CIV S-10-3454 KJM GGH P

11         vs.

12   M. MARTEL, et al.,

13              Respondents.            ORDER

14   _____/

15              Petitioner is a state prisoner proceeding pro se with this application for a writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  The court herein rules on four motions recently

17   filed by petitioner: (1) a motion to dismiss filed on April 8, 2011; (2) a motion to dismiss filed on

18   April 12, 2011; (3) a motion "pursuant to Penal Code 1494 and 1501" filed on April 14, 2011;

19   and (4) a motion for an answer filed on April 15, 2011.   Respondent has filed oppositions to

20   each of the four motions.  For the reasons discussed below, all four motions are denied.

21   First Motion to Dismiss

22              As respondent notes, the precise basis for petitioner's April 8, 2011 motion to

23   dismiss is unclear.  He states: "On December 15, 2006, Sacramento Superior Court imposed a

24   void judgment which was reversed on direct appeal on July 31, 2008.  The law is well established

25   that a void judgment is void even before reversal." (Doc. #19 at 1.)  Elsewhere petitioner states

26   that "Case No. #06F2346 . . . merits dismissal with prejudice" due to "numerous due process

1   violations[.]" (Id. at 2.)  In an attempt to shed light on the motion, respondent has submitted a

2   July 31, 2008 opinion by the California Court of Appeal, Third Appellate District, reviewing

3   petitioner's conviction of six counts of child molestation in Superior Ct. Case No. 06F02346.

4   (Doc. #21 , Lodged Item No. 1.)  Rather than hazard a guess as to what part of the superior

5   court's judgment petitioner considers "void," the undersigned observes that it lacks jurisdiction

6   to grant petitioner's motion in any event.  Petitioner's complaint in this action has been construed

7   to challenge his conviction and sentence under 28 U.S.C. § 2254, with its attendant procedural

8   and exhaustion requirements.  Petitioner cannot circumvent these requirements by simply

9   moving to dismiss state court judgments with which he disagrees.  Thus, this motion is denied.

10  Second Motion to Dismiss

11          The basis for petitioner's April 12, 2011 motion to dismiss is also unclear.  In it,

12  petitioner refers to his appellate and superior court cases discussed above, alleges false

13  imprisonment, and asserts that his reception into CDCR custody was invalid and based on

14  "fraudulent information." (Doc. #20 at 1-2.)  As with petitioner's first motion, these allegations

15  cannot serve as a basis for the undersigned to dismiss any part of a state court judgment.  Rather,

16  "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the

17  province of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).

18  This motion also is denied.

19  Motion Pursuant to Penal Code 1494 and 1501

20          In this motion, petitioner appears to seek preliminary injunctive relief

21  "commit[ting] him to the custody of the Sacramento Sheriff or. . . federal custody" pending

22  judgment in this matter.  The statutes he cites, California Penal Code sections 1494 and 1501,

23  pertain to petitions for writ of habeas corpus in state court and cannot serve as a basis for relief.

24          Nor can the court properly grant petitioner's request under federal law.  The

25  purpose of a preliminary injunction is to preserve the status quo if the balance of equities so

26  heavily favors the moving party that justice requires the court to intervene to secure the positions

1   until the merits of the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451

2   U.S. 390, 395, 101 S.Ct (1981).  In this habeas action, petitioner challenges his conviction and

3   sentence based on alleged due process violations.  Because an order temporarily placing

4   petitioner in county or federal custody would not remedy the claims upon which this action

5   proceeds, the court may not issue the order sought by petitioner.  <u>See</u> <u>De Beers Consolidated</u>

6   <u>Mines v. United States</u>, 325 U.S. 212, 65 S.Ct. 1130 (1945).  Moreover, even if the undersigned

7   were to consider the matter under the jurisdiction preservation aspect of the All Writs Act, 28

8   U.S.C. § 1651, petitioner has offered no evidence demonstrating a fair chance of success on the

9   merits of his complaint.  This motion is therefore denied.

10   <u>Motion for an Answer</u>

11          In this motion, petitioner seeks an answer to his petition and documents from

12   respondent that pertain to petitioner's imprisonment in Mule Creek State Prison.  By order dated

13   January 10, 2011, the undersigned directed respondent to file a response to the petition within

14   sixty days.  By order dated April 18, 2011, granting respondent's request for an extension of

15   time, the response is now due on or before May 11, 2011.  In his opposition to the instant motion,

16   respondent states that he intends to file a response to the petition and, in doing so, will comply

17   with Rule 5 of the Federal Rules governing § 2254 cases.  Respondent further states that, if the

18   response is an answer, he will lodge with the court "all transcripts and other documents relevant

19   to the issues presented in the petition." (Doc. #29 at 2.)  Nothing more is required of respondent

20   at this time.  Thus, petitioner's motion for an answer is denied.

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

1    Accordingly, IT IS HEREBY ORDERED THAT:

2    1. Petitioner's April 8, 2011 motion to dismiss (Doc. #19) is denied;

3    2. Petitioner's April 12, 2011 motion to dismiss (Doc. #20) is denied;

4    3. Petitioner's April 14, 2011 motion pursuant to Penal Code 1494 and 1501

5    (Doc. #23) is denied; and

6    4. Petitioner's April 15, 2011 motion for an answer (Doc. #26) is denied.

7    DATED: May 3, 2011

8

9        /s/ Gregory G. Hollows

10       GREGORY G. HOLLOWS
         UNITED STATES MAGISTRATE JUDGE

11   GGH:014
     ston3454.ord

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26