1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9   AARON P. STONE,

10              Petitioner,                    No. CIV S-10-3454 KJM GGH P

11        vs.

12   M. MARTEL, et al.,

13              Respondents.          <u>FINDINGS and RECOMMENDATIONS</u>

14   _____/

15              Petitioner is a state prisoner proceeding pro se with an application for a writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss the petition,

17   arguing that it is untimely, or in the alternative, that the claims raised are not exhausted.

18   Petitioner has opposed the motion, and has additionally filed several other motions.  For the

19   reasons outlined below, the undersigned recommends that the motion to dismiss be granted, and

20   that the remaining motions be denied as moot.

21   **BACKGROUND**

22              On November 14, 2006, petitioner was convicted by jury of six counts of violation

23   of California Penal Code § 288(a), Lewd Acts with a Child Under 14, and was subsequently

24   sentenced to a term of eighteen years on the convictions.  The sentence consisted of: (1) an eight

25   year sentence for one of the counts, and (2) five consecutive, middle term sentences of 2 years

26                                         1

each on the remaining five counts.  On July 31, 2008, the Court of Appeals, Third Appellate

District, overturned the conviction in part, finding insufficient evidence to support the

convictions, and modified the sentence to eliminate the corresponding consecutive two year term

on the overturned court.  Lodged Doc. No. 1, at p. 12 ("The sentence is modified to eliminate the

consecutive term imposed on count six.  The trial court is directed to amend the abstract of

judgment to reflect the foregoing....As so modified, the judgment is affirmed.")  In accordance

with the Court of Appeal's order, on November 28, 2008, the trial court entered a new sentence

for 16 years.  See Doc. No. 1, p. 80.[1]

On September 8, 2008, petitioner filed a petition for review in the California

Supreme Court.  His petition raised the following questions: (1) whether petitioner's Fourteenth

Amendment due process rights were violated by the trial court's admission of evidence of

defendant's prior bad acts; (2) whether the trial court's imposition of an upper-term sentence

violated petitioner's Fifth, Sixth, and Fourteenth Amendment rights, since the trial court, rather

than a jury, had made the findings underlying the factors relied upon by the trial court in

imposing the upper-term sentence; and (3) whether the trial court erred in sentencing petitioner to

consecutive terms of imprisonment.  See Lodged Doc. No. 2.  On October 16, 2008, the Supreme

Court denied review in a summary order which did not cite to any authority.  See Lodged Doc.

No. 3.  A review of the record reflects that petitioner has not filed any other challenges in the

state Supreme Court.  See Doc. No. 36, p. 6.

On January 14, 2009, the time for petitioner to file a petition for writ of certoirari

in the United States Supreme Court expired.  See Sup. Ct. R. 13.  A review of the record reflects

that petitioner did not file any petitions with the United States Supreme Court.

\\\\

---

[1]  Citations are to page numbers assigned by the Court's CM/ECF system.

1    In the meantime, petitioner sought collateral relief in the Superior Court and the

2    Court of Appeals.  The record before this court reflects that, between 2007 and 2010, petitioner

3    filed more than twenty petitions or motions attacking the criminal judgment.

4    A brief review of these pleadings is necessary to determine the respondent's

5    motion:

6    (1)    On January 17, 2007,[2] petitioner filed a petition for writ of habeas corpus

7            in the Court of Appeal for the State of California, Third Appellate District

8            (docket no. C054619).  See Lodged Doc. No. 52.  Petitioner alleged,

9            among other things, that the evidence was insufficient to support his

10           conviction, and that his trial counsel was ineffective.  Id.  The Court of

11           Appeal denied the petition on January 25, 2007, citing In re Hillery, 202

12           Cal. App. 2d 293, 294 (1962) (petitioners should first seek habeas relief in

13           superior courts) and In re Harris, 5 Cal. 4th 813, 826-27 (1993) (habeas

14           may not be employed as a substitute for an appeal).  See Lodged Doc. No.

15           53.

16   (2)    On May 3, 2007, petitioner filed a petition for writ of habeas corpus in

17           Sacramento County Superior Court (docket no. 07F04643).  See Lodged

18           Doc. No. 4.  Petitioner alleged, among other things, that the evidence

19           adduced at trial was insufficient to support his convictions.  Petitioner also

20           noted that he had a pending appeal in the Court of Appeal.  On May 30,

21           2007, the Superior Court dismissed the petition, noting that it was without

22

23   _____

     [2] Under Houston v. Lack, a pleading is deemed filed when it is delivered to prison officials
24   for forwarding to the court.  See 487 U.S. 266, 276, 108 S. Ct. 2379 (1988); see also Stillman v.
     LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  Where petitioner was proceeding pro se and
25   attached a signed, dated declaration of mailing to his filed pleading, the undersigned has used the
     service date as the filing date.

26                                                    3

authority to proceed on the writ petition for any error which was or might have been presented to the appellate court.  <u>See</u> Lodged Doc. No. 5.

(3)     On June 13, 2007, petitioner filed a petition for writ of habeas corpus in Sacramento County Superior Court (docket no. 07F05632).  <u>See</u> Lodged Doc. No. 6.   Petitioner alleged, among other things, that the evidence at trial was insufficient to support his convictions and that the victim's testimony was not credible.  On July 30, 2007, the Superior Court, noting that petitioner's appeal was still pending, denied the petition "for the same reason his earlier petition was denied — while the appeal is pending, this court lacks authority to entertain any claim which was, or should have been, presented to the Court of Appeal."  <u>See</u> Lodged Doc. No. 7.

(4)     On June 18, 2007, petitioner filed a petition for writ of habeas corpus in Sacramento County Superior Court (docket no. 07F06036).  <u>See</u> Lodged Doc. No. 8.   Petitioner alleged, among other things, that his counsel was incompetent and that his pre-trial bail amount was too high.  On August 8, 2007, the Superior Court denied the petition, finding that petitioner failed to establish a prima facie showing on either the counsel or bail claims. <u>See</u> Lodged Doc. No. 9.  (A third claim was dismissed because the direct appeal was still pending.)

(5)     On July 31, 2008, the Court of Appeal affirmed the judgment against petitioner, except as to Count 6, which was reversed for insufficient evidence.  On or about November 24, 2008, the trial court entered its amended sentence.

(6)     On September 8, 2008, petitioner filed a petition for review in the California Supreme Court. (Docket Number S166573), (<u>see</u> Lodged Doc.

4

No. 2) which was denied on October 16, 2008.  <u>See</u> Lodged Doc. No. 3.

(7)     On December 17, 2008, petitioner filed a petition for writ of habeas corpus in Sacramento County Superior Court (docket no. 08F10306).  <u>See</u> Lodged Doc. No. 10.  Among other things, petitioner alleged that the trial court abused its discretion in not sentencing petitioner to probation, and in allowing testimony regarding incidents of domestic violence between petitioner and the victim's mother.  On February 5, 2009, the Superior Court found that this petition was successive, because the third petition challenging the judgment, Case No. 07F06036, was denied on its merits. <u>See</u> Lodged Doc. No. 11.  The Superior Court found that each of petitioner's claims were procedurally barred, and, in the alternative, that petitioner failed to make a prima facie showing for relief.

(8)     On March 12, 2009, petitioner filed a petition for writ of habeas corpus in the Court of Appeal, Third Appellate District (docket no. C061287).  <u>See</u> Lodged Doc. No. 54.  Petitioner argued that the Superior Court erred in finding his most recent habeas petition successive because the Superior Court had lacked jurisdiction to review his prior habeas petitions, filed while his direct appeal was still pending.  He additionally argued, among other things, that his sentence was unconstitutional because the trial court failed to sentence him to probation when he was eligible for it.  On April 2, 2009, the Court of Appeal denied the petition as successive, citing <u>People v. Kim</u>, 45 Cal. 4th 1078, 1101 (2009) (piecemeal presentation of known claims is prohibited) and <u>In re Clark</u>, 5 Cal. 4th 750, 777 (1993) (same).  <u>See</u> Lodged Doc. No. 55.

(9)     On April 13, 2009, petitioner filed a petition for writ of habeas corpus in

5

Sacramento County Superior Court (docket no. 09F03042).  <u>See</u> Lodged
Doc. No. 12.  Petitioner alleged that the Superior Court's three prior
decisions, denying his prior habeas petitions on the ground that his appeal
was pending, were void judgments, and asked that the Superior Court
"clarify this matter regarding any procedural bar...."   Petitioner
additionally argued that the trial court abused its discretion in not
sentencing petitioner to probation, and that his trial counsel was
ineffective.  On May 28, 2009, the Superior Court denied the petition,
finding that it was his fifth challenging the criminal judgment and that it
was successive.  <u>See</u> Lodged Doc. No. 13.  The Superior Court
additionally found that there was no merit in petitioner's sentencing or
counsel claims.

(10)     On June 12, 2009, petitioner filed a petition for writ of habeas corpus in
the Court of Appeal, Third Appellate District (docket no. C062079).  <u>See</u>
Lodged Doc. No. 56.  Petitioner alleged that the trial court "acted in excess
of its jurisdiction," and asks to be re-sentenced.  He claims that he only
became aware of the grounds for re-sentencing after the trial court denied
his first three petitions.  On June 18, 2009, the Court of Appeal denied the
petition as successive, citing to <u>In re Clark</u>, supra.  <u>See</u> Lodged Doc. No.
57.

(11)     On July 15, 2009 and July 21, 2009, petitioner filed motions for
modification of his sentence in his original criminal case.  <u>See</u> Lodged
Doc. Nos. 14 and 15.  Each motion was a one-page form.  Petitioner did
not give any grounds in support of the application.  The motions were
denied in minute orders by Judge Savage on July 21, 2009 and on August

6

4, 2009.  <u>See</u> Lodged Doc. Nos. 16 and 17.

(12)     On August 28, 2009, petitioner filed a petition for writ of mandate or prohibition with the Court of Appeal, Third Appellate District (docket no. C062771), seeking to overturn his sentence because, he argued, the trial court unconstitutionally enhanced his sentence in violation of <u>Cunningham v. California</u>, 127 S. Ct. 856, 549 U.S. 270 (2007).  <u>See</u> Lodged Doc. No. 58.  He again argues that the trial court abused its discretion in not sentencing him to probation.  On September 3, 2009, the Court of Appeal denied the petition.  <u>See</u> Lodged Doc. No. 59.

(13)     On September 24, 2009, petitioner filed a petition for writ of mandate or prohibition with the Court of Appeal, Third Appellate District (docket no. C063009), raising again the <u>Cunningham</u> sentencing argument he had raised in his August 28, 2009 petition.  <u>See</u> Lodged Doc. No. 60.  On October 8, 2009, the Court of Appeal denied the petition.  <u>See</u> Lodged Doc. No. 61.

(14)     On October 13, 2009, petitioner filed a petition for writ of mandamus in the Court of Appeal, Third Appellate District (docket no. C063172), alleging errors in his original sentence, and in his amended sentence.  <u>See</u> Lodged Doc. No. 62.  In particular, petitioner claimed that he was not present at his re-sentencing hearing, and that his sentence violated <u>Cunningham</u>, supra.  On November 12, 2009, the Court of Appeal denied the petition.  <u>See</u> Lodged Doc. No. 63.

(15)     On December 22, 2009, petitioner filed a petition for writ of mandate or prohibition with the Sacramento County Superior Court (docket number 34-2009-80000409), alleging that his original sentence and amended

7

sentence were illegal because, among other things, the record does not
support an upper-term sentence.  Petitioner also argues that his due process
rights were violated because he was not present at the re-sentencing
hearing.  <u>See</u> Lodged Doc. No. 18.  The Superior Court construed the
mandamus as a habeas petition (<u>see</u> Lodged Doc. No. 19), and, on March
2, 2010, denied it (<u>see</u> Lodged Doc. No. 20), finding it successive and
untimely, and additionally finding no merit to the claims.  In particular, the
Superior Court noted that there was no <u>Cunningham</u> error, because
petitioner's prior convictions were sufficient "aggravating factors" in
support of an upper-term sentence.

(16)   On March 15, 2010, petitioner filed a petition for writ of habeas corpus in
the Sacramento County Superior Court (docket no. 10F01858).  <u>See</u>
Lodged Doc. No. 21.  Petitioner had initiated an administrative proceeding
at his prison, claiming that his sentence was not valid and asking the
prison to recall the sentence.  The prison denied his claims, explaining that
the records reflected that he was sentenced legally.  On April 19, 2010, the
Superior Court denied petitioner's petition, which it described as an effort
by petitioner to obtain "a court order, on habeas corpus, that the
Department file with the court a recommendation for recall of the
sentence......because [petitioner] is not sentenced by the court or his
sentence is unlawful.  This claim is utterly meritless."  <u>See</u> Lodged Doc.
No. 22.

(17)   On April 6, 2010, petitioner filed a petition for writ of habeas corpus in the
Amador County Superior Court (docket no. 10-HC-1259), alleging that the
trial court abused its discretion in not sentencing him to probation, and

8

1    also violated his due process rights in not having him present during re-

2    sentencing.  See Lodged Doc. No. 23.  On April 23, 2010, Amador County

3    Superior Court transferred the petition to Sacramento County (see Lodged

4    Doc. Nos. 24, 25, 26).

5    (18)    On April 12, 2010, petitioner filed a petition for writ of habeas corpus in

6            the Amador County Superior Court (docket no. 10-HC-1262), alleging,

7            among other things, that his sentence is illegal under Cunningham and that

8            he should have been sentenced to probation.  See Lodged Doc. No. 27.  On

9            April 26, 2010, Amador County transferred the petition to Sacramento

10           County.  See Lodged Doc. Nos. 28, 29, 30, 31.

11   (19)    On May 17, 2010, petitioner filed a letter addressed to Judge Kenny of the

12           Sacramento County Superior Court, which appears to seek reconsideration

13           of the court's March 2, 2010 order.  See Lodged Doc. No. 34.  Petitioner

14           wrote that he addressed his motion to Judge Kenny, since Judge Kenny

15           had construed petitioner's December 22, 2009 mandamus petition as one

16           for a writ of habeas corpus.

17   (20)    On May 17, 2010, the Sacramento County Superior Court issued an order

18           denying the May 17, 2010 motion for reconsideration, as well as the two

19           petitions transferred from Amador County.  The trial court noted:

> As petitioner was warned in the court's denial order [dated March
> 2, 2010], petitioner is now engaging in a **gross abuse of the writ
> process** that is now progressing to a new stage in which petitioner
> is seeking relief from other trial courts from his judgment from this
> court.  That petitioner cannot do.  As petitioner is raising no new
> issue and has been repeatedly turned down in his requests for
> probation and modification of sentence, his is **grossly abusing the
> writ process.**

Lodged Doc. No. 35.

9

(21)    On June 8, 2010, petitioner filed a petition for writ of habeas corpus with the Amador County Superior Court (docket no. 10-HC-1293), alleging that the warden of Mule Creek State Prison had unlawfully accepted and surrendered petitioner into custody because petitioner's commitment order is not authorized by any provisions of law.  <u>See</u> Lodged Doc. No. 37. Petitioner additionally moved the Amador County Court that it retain jurisdiction over the petition since the Amador court had previously transferred prior petitions to Sacramento County, but that Sacramento had "defaulted."   On June 24, 2010, Amador County Judge Harlan denied the petition for failure to establish a prima facie case for relief, citing <u>In re Duvall</u>, 9 Cal. 4th 464, 474-75 (1995).  <u>See</u> Lodged Doc. No. 38.

(22)    On June 28, 2010, petitioner filed a petition for writ of habeas corpus in Sacramento County Superior Court (docket no. 10F04420), alleging that Warden Michael Martel had unlawfully accepted and surrendered petitioner into custody.  <u>See</u> Lodged Doc. No. 41.  On July 19, 2010, Judge Roman of the Sacramento County Superior Court denied the petition, finding that the petition was untimely and successive.   The Sacramento court noted that this was petitioner's ninth habeas petition challenging his criminal judgment, adding:

> [g]enerally, a defendant convicted of a felony has **but one opportunity** to bring a habeas corpus petition before a California court.  Once that opportunity has been exhausted, future claims on habeas **will not be cognizable at all**, unless the claims meet the <u>Robbins/Clark</u> bar.  In the absence of an extraordinary reason for not bringing a successive claim in an earlier petition, it is **a gross abuse of the writ process** to file endless, unsubstantiated, frivolous, piecemeal new petitions, such as this one, with this court that are barred under <u>Robbins/Clark</u>.

Lodged Doc. No. 42.

10

(23)   On July 12, 2010, petitioner filed a petition for writ of mandate or prohibition in Amador County Superior Court (docket no. 10cv6782), alleging that Sacramento County Judge Kenny had previously granted his prior petition for writ of mandamus.  See Lodged Doc. No. 43.  He additionally argued that Amador County's prior transfer orders were actually orders granting habeas relief.  Petitioner additionally argued that his sentence was illegal.  On August 5, 2010, Amador County deemed the petition to be one for habeas relief (see Lodged Doc. No. 44), and, on August 24, 2010, denied it for failure to state a prima facie case for relief.  See Lodged Doc. No. 50.

(24)   On July 14, 2010, petitioner filed a writ of mandate or prohibition in Sacramento County Superior Court (docket no. 10F05222).  See Lodged Doc. No. 45.  The petition is identical to the one filed in Amador County on July 12, 2010.  On September 13, 2010, the Sacramento County Superior Court denied the petition.  See Lodged Doc. No. 46.

(25)   On July 21, 2010, petitioner filed a petition for writ of mandate or prohibition in the Court of Appeal, Third Appellate District (docket no. C065586), also identical to the one filed on July 12, 2010 in Amador County.  See Lodged Doc. No. 64.  On July 29, 2010, the Court of Appeal denied the petition.  See Lodged Doc. No. 65.

(26)   On December 27, 2010, petitioner filed in this court a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Allison Dunham, from the Sacramento District Attorney's Office, and M. Martel, Warden of Mule Creek State Prison.  See Doc. No. 1.  On January 10, 2011, this court ordered that the complaint be construed as a petition for writ of habeas

11

corpus filed pursuant to 28 U.S.C. § 2254.  <u>See</u> Doc. No. 6.  On May 11,
2011, respondents moved to dismiss the petition.  <u>See</u> Doc. No. 36.  It is
this motion which is currently before the court.

**THE CURRENT PETITION**

Petitioner now proceeds on the petition described <u>supra</u>.  <u>See</u> Doc. No. 1.[3]  For
relief, he appears to seek dismissal of his criminal conviction.  <u>See</u> Doc. 1, page 3.  As grounds,
petitioner appears to allege that: (1) his 2008 re-sentencing hearing violated his due process
rights, because he was not present at the hearing; (2) the sentencing judge acted in excess of his
jurisdiction by imposing an illegal sentence; (3) the sentencing judge faxed a false commitment
document to the California Department of Corrections, which was false because it read that
petitioner was present at the re-sentencing hearing when he was not; (4) the California
Department of Corrections accepted the false documentation, and then aided and abetted the
sentencing judge's deliberate falsification by altering their file information to give the
"appearance" that petitioner was at the re-sentencing hearing; (5) Sacramento County Superior
Court Judges Roman, Connelly, and Earl illegally barred petitioner from remedying these errors
by applying the wrong legal principals; and (6) the district attorney has failed to respond to the
"60 Day Action Order" issued by Sacramento County Judge Connelly on January 28, 2010.  <u>See</u>
<u>id.</u>

\\\\

---

[3] On May 18, 2011, petitioner filed a "Complaint" pursuant to 28 U.S.C. § 1651.  The
Complaint is one page, and attached to it as Exhibit A is a Motion to Dismiss for Failure to
Prosecute, which appears to be a motion to dismiss the underlying criminal conviction.  The
undersigned denied similar Motions to Dismiss on May 3, 2011 and July 14, 2011.  Respondent has
moved for dismissal of the Complaint, in the event the court considers it to be an amended habeas
petition.  <u>See</u> Doc. No. 46.  Because the undersigned previously denied similar motions filed by the
petitioner, the undersigned will instead recommend that the court construe the Complaint as another
motion to dismiss the underlying conviction, and deny it for the reasons cited in the undersigned's
May 3, 2011 and July 14, 2011 orders.

1    Petitioner claims that Judge Connelly "issued my writ of mandate as a habeas

2    corpus granting review of and 60 day action order to District Attorney Allison Dunham...." and

3    that respondent has now exceeded the 60 days requirement, resulting in a failure to prosecute.

4    See Doc. No. 1 at 3, 6-7, 9-10, 22.  Petitioner appears to allege that Sacramento County Judge

5    Connelly's January 28, 2010 order, which construed the petition for writ of mandate as a petition

6    for writ of habeas corpus, created an obligation for the District Attorney to correct what

7    petitioner considers to be an error in his sentence, and that the District Attorney's "failure to

8    prosecute in a timely manner" violates his due process and speedy trial rights, entitling him to

9    dismissal of the criminal case.  See Doc. No. 1 at 22.  In support, petitioner argues that the

10   District Attorney bears the complete burden to correct errors of law, or to notify the courts of

11   errors.  See id.  Petitioner appears to allege that, once the trial court served "the prosecuting

12   attorney (D.A.) in any case for preliminary examination for case review, under Penal Code 1382

13   the D.A. has 60 days to bring defendant to resentencing."  See id.

14   Petitioner also alleges that he received ineffective assistance of trial and appellate

15   counsel.  In support, petitioner argues that the "sentence itself is more than enough evidence to

16   support the fact that [trial counsel] intentionally denied petitioner a fundamentally fair

17   representation," that counsel supported the trial court's unethical and illegal operation in excess

18   of its jurisdiction, and that counsel never objected to the disproportionate sentence.  See Doc. No.

19   1 at 16.

20   Petitioner argues that appellate counsel was also ineffective, that she also

21   supported the trial court's illegal procedures, and that she supported the violation of petitioner's

22   right to be present at re-sentencing.  Id.

23   **THE MOTION TO DISMISS**

24   Respondent now moves to dismiss this habeas petition, arguing that it is untimely

25   filed or, in the alternative, that the claims raised by petitioner are not exhausted.  Petitioner

26   13

opposes the motion, restating his arguments that the criminal judgment is void, that his constitutional rights were violated when he was not allowed to be present at re-sentencing, and that, pursuant to California Department of Corrections policy, he is entitled to release because the prosecutor failed to prosecute Judge Connelly's "60 day action order" in a timely manner.

Timeliness

Unlike the usual case involving the AEDPA limitations statute in which the petitioner has slept on his issues, petitioner herein was abusively diligent, both before and after the finality of his conviction for AEDPA purposes.  However, this pseudo-diligence does not save this petition from being found untimely.

Respondent argues that petitioner's habeas petition was due on January 14, 2010, and is late, because it was not filed until December 27, 2010.  Respondent acknowledges that petitioner is entitled to toll any time when he had a "properly filed" petition pending in the state court.  Giving petitioner credit for time when arguably "properly filed" petitions were pending, respondent argues that petitioner's federal petition was due no later than March 4, 2010. Respondent argues that any state petitions filed after that date cannot toll the deadline.

In opposition, petitioner appears to argue that, under relevant California law for non-capital cases, there is no standard by which the court can determine if there has been a substantial delay, and that denial of his numerous writs in the state court based on this "wrong legal principle was inappropriate and violated petitioner's 14th amend. rights."  See Doc. No. 38, p. 6.

Exhaustion

Respondent alternatively argues that petitioner has failed to exhaust his current arguments in the state court, and that the arguments raised by petitioner appear to be based on events that occurred after petitioner's petition for review was denied at the state Supreme Court. \\\\

14

1  In his opposition, petitioner does not address the exhaustion arguments raised by

2  respondent.

3  **RELEVANT AUTHORITY**

4  Timeliness

5  Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28

6  U.S.C. § 2244(d)(1)(A), a federal petition for writ of habeas corpus ordinarily must be filed

7  within one year after the state court judgment becomes final by the conclusion of direct review of

8  the expiration of the time to seek direct review. E.g., Porter v. Ollison, 620 F.3d 952, 958 (9th

9  Cir. 2010). The time during which a properly filed application for state post-conviction or

10  collateral review (including California habeas proceedings) is pending does not count toward this

11  one-year period. Id., citing 28 U.S.C. § 2244(d)(2).

12  However, a petition filed before completion of direct review, or one filed after the

13  expiration of the statute of limitations, does not operate to effect the petitioner's available time at

14  all. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2005) ("pre-finality" petitions); Jiminez v.

15  Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949, 123 S. Ct. 1627 (2003)

16  (applications for state post-conviction relief do not toll statute of limitations if filed after statute

17  of limitations has expired).

18  The relevant considerations for this petition are (1) whether petitioner's many

19  state court collateral petitions and motions were "properly filed," and, if so, (2) during what

20  periods were they "pending"?

21  "Properly Filed"

22  An application is "properly filed" when its delivery and acceptance are in

23  compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8,

24  121 S. Ct. 361, 364 (2000). This question is distinct from whether the claims considered in the

25  application are meritorious and free of procedural bar. Id. (identifying distinction between

26

15

1   condition to filing and condition to obtaining relief).

2            Untimely petitions are not properly filed.  Pace v. DiGuglielmo, 544 U.S. 408,

3   417, 125 S. Ct. 1807, 1814 (2005) (where state court rejects petition as untimely, it was not

4   "properly filed" and petitioner is not entitled to statutory tolling), Carey v. Saffold, 536 U.S. 214,

5   225-26, 122 S. Ct. 2134, 2141 (2002) (if state court rules that petition is untimely, that is "the

6   end of the matter," regardless of whether state court also addressed merits of the claims, or

7   whether timeliness ruling was "entangled" with the merits).  Under California state law, a

8   successive petition presenting additional claims that could have been presented in an earlier

9   collateral petition is, of necessity, a "delayed petition."  See In re Clark, 5 Cal. 4th at 770.[4]

10           At least one court in this district has found that the Clark bar extends to successive

11   petitions where petitioner does not raise any new claims:

12           The California Supreme Court's reasons for finding a successive petition
             raising new claims to be untimely is equally applicable to a successive
13           petition raising identical claims.  There is no indication in Clark that the
             California Supreme Court meant to find that successive duplicative
14           petition was timely, whereas a successive petition raising new claims was
             not.

15

16   See Chance v. Martell, 2011 U.S. Dist. LEXIS 103235 *13-14 (Sept. 13, 2011) (Newman, M.J.)

17   (discussing whether Clark barred tolling for interval between first and second, successive

18   petition).

19           "Pending"

20           Collateral review is considered to be "pending" during the interim between a writ

21   being denied at one court level and a new petition being filed at the next highest court level as

22   long as the petition at the next level is filed within a reasonable period of time.  Carey v.

23

24       [4]  There is no California rule outside of case law which prohibits the filing of a successive
     petition, though such a petition may be procedurally barred.  Cf. 28 U.S.C. § 2244(a), (b) (petitioner
25   seeking to file successive petition in federal district court must first obtain authorization from the
     Court of Appeals) with Cal. Rules of Court R. 4.551 and Cal. Penal Code § 1474.

26                                              16

1  Scaffold, 536 U.S. at 222-25, 122 S. Ct. at 2139-2141.

2  　　　　If the time to file a federal petition has not already expired when a second round

3  of properly filed California habeas petitions begins, the second round of petitions will also toll

4  the § 2244(d)(1) period. See Porter v. Ollison, 620 F.3d at 952 ("For tolling to be applied based

5  on a second round [of petitions filed in the state court], the petition cannot be untimely or an

6  improper successive petition."). However, the interval between the two rounds is not tolled. Id.

7  Additionally, according to the Porter decision, a second round will not toll the AEDPA deadline

8  if the second petition is "untimely or an improper successive petition." See id., citing Townsend

9  v. Knowles, 562 F.3d 1200, 1205 (9th Cir.), cert. denied, 130 S. Ct 193 (2009) (untimely state

10  court petition not properly filed).

11  　　　　The Ninth Circuit has also answered whether a petitioner may be entitled to

12  interval tolling between two Superior Court petitions, finding that where a petitioner elects to

13  begin a second round of petitions in the Superior Court before completing a full round of review

14  through the highest available state court, petitioner may be entitled to interval tolling between the

15  first and second Superior Court petitions if the second petition is timely, and "the successive

16  petition was attempting to correct deficiencies of a prior petition," because the petitioner "is still

17  making proper use of state court procedures and habeas review is still pending." See Banjo v.

18  Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010).

19  **ANALYSIS**

20  　　　　Under the chronology outlined above, petitioner's petition for review was denied

21  in the California Supreme Court on October 16, 2008, and the time to seek direct review ended

22  on January 14, 2009, when his 90-day period to file a petition for writ of certiorari with the

23  United States Supreme Court ended. Petitioner thereafter had one year in which to file his

24  federal petition, beginning January 15, 2009, and ending one year later, on January 14, 2010.

25  \\\\

26  　　　　　　　　　　　　　　　　　17

Petitioner, however, did not file his federal petition until December 27, 2010, some 348 days afterwards, and so it is untimely unless he is entitled to toll the deadline.

The undersigned finds that petition is not entitled to tolling under 28 U.S.C. § 2244(d)(2):

– The petitions filed January 17, 2007; May 3, 2007; June 13, 2007; and June 18, 2007, should have no effect on the petitioner's statute of limitations, as they were filed prior to completion of direct review. See Waldrip v. Hall, 548 F.3d at 735.

– The petitions filed December 17, 2008, March 12, 2009, April 13, 2009, June 12, 2009, and December 22, 2009, were denied as successive, and were therefore untimely under California law. See In re Clark, 5 Cal. 4th at 770. As untimely petitions, they were not properly filed. See Pace v. DiGuglielmo, 544 U.S. at 417.

– The motions for modification of sentence, filed July 15, 2009 and July 21, 2009, were filed with the Superior Court nine (9) months after the state Supreme Court denied review of petitioner's judgment and sentence, and more than eight (8) months after the Superior Court entered the amended judgment and sentence. Pursuant to California Penal Code section 1170, the superior court may, within 120 days of the date of commitment, recall a sentence and commitment previously ordered and re-sentence the prisoner. After that time period, the sentencing court does not have jurisdiction to vacate or to modify the sentence. See Dix v. Superior Court, 53 Cal. 3d. 442, 464 (1991); People v. Lockridge, 12 Cal. App. 4th 1752, 1757 (1993). The motions are accordingly not "properly filed," because the court in which petitioner filed them lacked jurisdiction to provide the relief requested. See Blair v. Crawford, 275 F.3d 1156, 1158 (9th Cir. 2002), citing Artuz v. Bennett, 531 U.S. at 9, 121 S. Ct. at 364 ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction....it will be *pending*, but not *properly filed*.")(emphasis in original).

\\\\

18

1    – The mandamus petitions filed August 28, 2009, September 24, 2009, and

2    October 13, 2009 were untimely, since they were filed at least ten months after entry of the

3    judgment.  See People v. Superior Court (Brent), 2 Cal. App. 4th 675, 682 (1992) ("Where there

4    is otherwise no statutory authority or time limit in filing a writ, it must usually be filed within 60

5    days").

6    – The petitions and motions filed March 15, 2010; April 6, 2010; April 12, 2010;

7    May 17, 2010; June 8, 2010; June 28, 2010; July 12, 2010; July 14, 2010; and July 21, 2010,

8    were filed after January 15, 2010, when the statute of limitations expired.  They do not affect

9    tolling.  See Jiminez v. Rice, 276 F.3d at 482.

10   Because the petition was not timely filed, the undersigned does not reach

11   respondent's alternative argument that petitioner failed to exhaust his arguments in state court.

12   The undersigned additionally recommends that the remaining motions be denied

13   as moot.

14   Accordingly, IT IS HEREBY RECOMMENDED that:

15   1.    The respondent's motion to dismiss (Doc. No. 36) the petition be

16         GRANTED.

17   2.    The Complaint filed May 5, 2011 (Doc. No. 39) be construed as a motion

18         to dismiss the underlying criminal conviction, and, so construed, be

19         DENIED.

20   3.    All other motions (Doc Nos. 46, 48, 56 and 58) be DENIED as moot.

21   These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

23   days after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26

1    shall be served and filed within fourteen days after service of the objections.  The parties are

2    advised that failure to file objections within the specified time may waive  the right to appeal the

3    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4         If petitioner files objections, he shall also address if a certificate of appealability

5    should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

6    U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

7    constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

8    which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

9    DATED: November 17, 2011

10                                      /s/ Gregory G. Hollows
                                      UNITED STATES MAGISTRATE JUDGE

11
     GGH:rb
12   ston3454.fr

13

14

15

16

17

18

19

20

21

22

23

24

25

26