IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON P. STONE,

        Petitioner,                    No. CIV-10-3454 KJM GGH P

   vs.

M. MARTEL,

        Respondent.              <u>ORDER</u>

                              /

       Petitioner is a state prison inmate proceeding pro per.  On December 27, 2010, he filed a petition for a writ of habeas corpus, raising the following claims: (1) his 2008 resentencing hearing violated due process because he was not present at the hearing; (2) the sentencing judge imposed an illegal sentence; (3) the sentencing judge faxed a commitment document to the California Department of Corrections and Rehabilitation (CDCR), falsely stating that petitioner had been present at the resentencing; (4) CDCR accepted the false document and then altered its file information to give the appearance that petitioner had been present at the resentencing; (5) other Superior Court judges applied incorrect legal principles and so prevented petitioner from remedying the error; (6) the district attorney's office has refused to respond to an order concerning petitioner's sentence, issued by Superior Court Judge Lloyd

1

1  Connelly; (7) he received ineffective assistance of trial and appellate counsel because trial
2  counsel did not object to the disproportionate sentence and appellate counsel supported the
3  violation of petitioner's right to be present at resentencing.  ECF No. 1.
4        Respondent moved to dismiss the petition as untimely and/or unexhausted.
5  Petitioner filed a number of "motions to dismiss," in which he sought an order dismissing his
6  state criminal conviction because of the prosecutor's alleged failure to respond to Judge
7  Connelly's order, as well as other motions seeking to have his state conviction vacated.  *See,*
8  *e.g.*, ECF Nos. 45, 51.
9        On November 18, 2011, the magistrate judge recommended that the motion to
10 dismiss be granted on grounds of untimeliness.  ECF No. 61.  This court adopted the findings
11 and recommendations in full on March 26, 2012. ECF No. 73.
12       On May 24, 2012, petitioner filed something entitled "ex parte communication,"
13 seeking an order directing the U.S. Marshal to transport petitioner back to the superior court for
14 resentencing.  ECF No. 75.
15       On June 27, 2012, he filed a motion for relief from judgment under Rule 60(b) of
16 the Federal Rules of Civil Procedure and on July 26, 2012, he filed a letter, again seeking to be
17 returned to the superior court for resentencing.  ECF Nos. 76, 78.
18       Rule 60(b) provides: "On motion and just terms, the court may relieve a party . . .
19 from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect;
20 (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or misconduct . . .; (4) the
21 judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other
22 reason that justifies relief."  A Rule 60(b) motion "must be made within a reasonable time."
23 FED. R. CIV. P. 60(c)(1).
24       Although petitioner does not identify the subsection supporting his claim for
25 relief, it appears he is bringing his motion under subsection (b)(6).  This section should be
26 applied sparingly, to prevent "manifest injustice," *United States v. State of Washington*, 98 F.3d

1159, 1163 (9th Cir. 1996), and should be used "'only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment.'" *Latshaw v. Trainer Wortham & Co, Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 970 (9th Cir. 2010) (en banc)).  Petitioner does not address the court's finding that his petition was untimely but rather simply repeats his claims that he was illegally sentenced.  He has not shown that this court's ruling on the timeliness of his petition was incorrect.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion for relief under Rule 60(b) (ECF No. 75) is denied; and

2. Any further documents filed by petitioner in this closed case will be disregarded and no orders will issue in response to future filings.

DATED: November 20, 2012.

_____
UNITED STATES DISTRICT JUDGE